Matter of Dean v Town of Poland Zoning Bd. of Appeals (2019 NY Slip Op 01891)





Matter of Dean v Town of Poland Zoning Bd. of Appeals


2019 NY Slip Op 01891


Decided on March 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, DEJOSEPH, AND WINSLOW, JJ.


65 CA 18-01432

[*1]IN THE MATTER OF NED E. DEAN, JR., JOHN A. PIERCE, TIMOTHY J. MEAD, STEVEN K. SMITH, AND MICHELE ROSS, PETITIONERS-APPELLANTS,
v
TOWN OF POLAND ZONING BOARD OF APPEALS, BRENDA M. BUNCE, TERRY A. NUNEZ, DENNIS R. ORMOND, DAWN ORMOND CONSTANTINE AND THE BROADWAY GROUP, LLC, RESPONDENTS-RESPONDENTS. 






WRIGHT, WRIGHT AND HAMPTON, JAMESTOWN (EDWARD P. WRIGHT OF COUNSEL), FOR PETITIONERS-APPELLANTS. 
THE BROADWAY GROUP, LLC, JAMESTOWN (DAVID R. STAPLETON OF COUNSEL), AND BUNCE, NUNEZ, ORMOND AND CONSTANTINE, FOR RESPONDENTS-RESPONDENTS BRENDA M. BUNCE, TERRY A. NUNEZ, DENNIS R. ORMOND, DAWN ORMOND CONSTANTINE AND THE BROADWAY GROUP, LLC.


 Appeal from a judgment of the Supreme Court, Chautauqua County (Paula L. Feroleto, J.), entered December 29, 2017 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to respondent Town of Poland Zoning Board of Appeals for further proceedings in accordance with the following memorandum: Petitioners appeal from a judgment dismissing their CPLR article 78 petition, in which they sought to annul the determination of respondent Town of Poland Zoning Board of Appeals (ZBA) granting a use variance to the remaining respondents. "Generally, [f]indings of fact which show the actual grounds of a decision are necessary for an intelligent judicial review of a quasi-judicial or administrative determination" (Matter of Livingston Parkway Assn., Inc. v Town of Amherst Zoning Bd. of Appeals, 114 AD3d 1219, 1219-1220 [4th Dept 2014] [internal quotation marks omitted]; see Matter of South Blossom Ventures, LLC v Town of Elma, 46 AD3d 1337, 1338 [4th Dept 2007], lv dismissed 10 NY3d 852 [2008]). Inasmuch as the ZBA "failed to articulate the reasons for its determination and failed to set forth findings of fact in its decision" (Matter of Fike v Zoning Bd. of Appeals of Town of Webster, 2 AD3d 1343, 1344 [4th Dept 2003]), the record does not permit review of Supreme Court's conclusion that the ZBA's determination has a rational basis and is not arbitrary and capricious (cf. Matter of Dietrich v Planning Bd. of Town of W. Seneca, 118 AD3d 1419, 1421 [4th Dept 2014]; Matter of Concerned Citizens of Perinton v Town of Perinton, 261 AD2d 880, 880 [4th Dept 1999], appeal dismissed 93 NY2d 1040 [1999], cert denied 529 US 1111 [2000]). Consequently, we hold the case, reserve decision and remit the matter to the ZBA to set forth the factual basis for its determination and articulate the reasons for it.
Entered: March 15, 2019
Mark W. Bennett
Clerk of the Court